UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ALAN D. LEMERY and<br>MARTA S. LEMERY,<br><br>                Debtors. | No. 12-BK-31474<br><br>Chapter 11 |
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>ALAN D. LEMERY; MARTA S. LEMERY;<br>PARK PLACE CHICAGO CONDOMINIUM<br>ASSOCIATION; ILLINOIS DEPARTMENT<br>OF REVENUE; BBCN BANCORP, INC.;<br>and BARRISTER TITLE, LLC<br><br>                Defendants. | No. 14-A-667<br><br>Judge Schmetterer |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Findings of Fact**

    A.    The IRS's complaint seeks a determination that its tax lien to the proceeds of the sale of 600 North Kingsbury, Unit 1902, Chicago, Illinois 60654 and an associated parking location (the "Kingsbury property") is superior to the liens or interests of each defendant to this proceeding and an order directing Barrister Title, LLC to deliver those proceeds to the IRS. *See generally* Compl.

    B.    The court entered default against Alan Lemery, Marta Lemery, Park Place Chicago Condominium, the Illinois Department of Revenue, and Barrister Title, LLC and ordered that all "allegations of the Complaint are taken as confessed against each defendant." Doc. 24.

C. Park Place Chicago Condominium never recorded a lien against the Kingsbury property for any claim asserted in its proof of claim. Compl. ¶ 58.

D. Park Place Chicago Condominium recorded a notice of lien against the Kingsbury property on May 22, 2008, but that notice did not perfect any claim described in its proof of claim. Compl. ¶¶ 59-61.

E. The IRS perfected its tax lien against all of the debtors' property, including the Kingsbury property, for $653,217.54 in indebtedness by recording its notice of federal tax lien on September 20, 2007. Compl. ¶¶ 21, 62, 63.

F. The IRS recorded its 2007 notice of federal tax lien before Park Place Chicago Condominium recorded its 2008 lien notice.

G. As of September 30, 2014, the balance due under the 2007 notice of federal tax lien is $653,217.54. Doc. 21 Exhibit 1 and 2.

H. The balance due under the 2007 notice of federal tax lien exceeds the balance of the Kingsbury proceeds. *Compare* Doc. 21 Exhibit 2 *and* Bankr. Doc. 108 (reserving Kingsbury proceeds of $94,479.95).

**Conclusions of Law**

1. Counsel for Alan Lemery, Marta Lemery, the Illinois Department of Revenue, BBCN Bancorp, Inc., and Barrister Title, LLC each stipulate and agree that their respective clients do not oppose entry of an order holding that the IRS has superior rights to the proceeds from the Kingsbury property and directing Barrister Title, LLC, as escrow for those proceeds, to transfer the proceeds to the IRS.

2. "When a default judgment is entered, facts alleged in the complaint may not be contested." *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *see also* Fed.R.Civ.P. 8(b)(6)

(allegations plead in a complaint are admitted if a responsive pleading is required and the allegation is not denied).

3. The relative priority between conflicting state and federal tax liens is governed by federal law. *United States v. McDermott*, 507 U.S. 447, 449 (1993). Under 26 U.S.C. §§ 6321 and 6322, an IRS tax lien for federal taxes arises upon the assessment of liabilities. On the date that the taxes are assessed (provided notice and demand), a tax lien is deemed to arise and attach to the taxpayer's property and rights to property.

4. In assessing priority between federal and nonfederal liens, courts examine two factors: (1) compliance with the doctrine of choateness and (2) chronological priority. *J.D. Court, Inc. v. United States*, 712 F.2d 258, 261 (7th Cir.1983), *cert. denied*, 466 U.S. 927 (1984). A nonfederal lien becomes choate when "there is nothing more to be done . . . — when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. New Britain*, 347 U.S. 81, 84 (1954). Additionally, a nonfederal lienholder must show a right to enforce the lien at some time prior to the attachment of the federal tax lien. *McDermott*, 507 U.S. 447 n.5, (1993). In other words, to be summarily enforceable, the lien must be immediately enforceable through levy and execution against all the debtors' property, whenever acquired. Thus, for a nonfederal lien to prime a tax lien, the nonfederal lien must be choate and be summarily enforceable before the federal tax lien arises.

5. The rules of priority governing a filed notice of federal tax lien are imposed by 26 U.S.C. § 6323. Under § 6323(a), only "purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors," who met the federal requirements for one of the four categories of federal law may claim superiority over a federal tax lien for which a notice is filed.

Thus a nonfederal lien claimant not qualifying for one of the four protected categories or qualifying after a notice of federal tax lien is filed is inferior to the federal tax lien.

6. Here, the IRS perfected a tax lien against all of the debtors' property, including the Kingsbury property, on September 20, 2007.

7. Park Place Chicago Condominium recorded a notice of lien against the Kingsbury property after the IRS on May 22, 2008, but that notice did not perfect any claim described in its proof of claim, suggesting the amounts perfected by the 2008 notice of lien have since been discharged.

8. No notice of lien was ever recorded against the Kingsbury property for the amounts set forth in Park Place Chicago Condominium's proof of claim, and no evidence suggests Park Place Chicago Condominium obtained a lien against the Kingsbury property for any of those claims, let alone that such a lien became summarily enforceable.

9. As the IRS perfected its lien against all of the debtors' property before Park Place Chicago Condominium perfected any summarily enforceable lien against the Kingsbury property and before any claim asserted in Park Place Chicago Condominium's proof of claim arose, the IRS's claim perfected by the 2007 notice of federal tax lien enjoyed priority over any interest of Park Place Chicago Condominium as to property of the debtors.

10. As the IRS's claim perfected by the 2007 notice of lien enjoyed priority over any interest or lien held by any of the defendants Park Place Chicago Condominium against the Kingsbury property, the IRS's claim perfected by the 2007 notice of lien enjoys priority over any interest or lien held by Park Place Chicago Condominium as to the Kingsbury property proceeds held in escrow.

11. As the IRS's superior claim perfected by the 2007 notice of lien is for an amount that exceeds the value of the Kingsbury property proceeds, the IRS is entitled to a distribution of all such proceeds.

ENTER:

By: _____
UNITED STATES BANKRUPTCY JUDGE

NOV 18 2014

12/18/14